█ WILLIE M. WATSON, Appellant, v. STATE-WIDE INSURANCE COMPANY, Respondent.— In an action upon an insurance policy to recover a loss sustained by theft of an automobile, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court, for the 2d and 11th Judicial Districts, dated June 22, 1971, which (1) reversed a judgment of the Civil Court of the City of New York, Queens County, entered December 4, 1970, in favor of plaintiff upon a jury verdict of $4,000 plus interest, and (2) dismissed the complaint. On this appeal we have reviewed the further order of the Appellate Term dated July 21, 1971 which resettled the order of June 22, 1971. Appeal from order dated June 22, 1971 dismissed as academic, without costs. That order was superseded by the order of July 21, 1971. Order dated July 21, 1971, modified, on the law and the facts, by striking therefrom the decretal provision dismissing the complaint and substituting therefor a provision setting aside the jury verdict and granting a new trial. As so modified, order affirmed, with costs to abide the event. The Appellate Term was in error in dismissing the complaint, since triable issues of fact had been presented to the jury. However, in our opinion the verdict was against the weight of the evidence. Hopkins, Acting P. J., Martuscello, Christ and Brennan, JJ., concur; Shapiro, J., concurs in the dismissal of the appeal from the order of June 22, 1971, but otherwise dissents and votes to reverse the order of July 21, 1971, to reinstate the jury verdict in favor of plaintiff and to affirm the judgment of the Civil Court. This action was commenced by plaintiff on an automobile theft insurance policy following defendant's refusal to reimburse plaintiff for the theft of an automobile. Defendant discovered that the vehicle had been stolen prior to its purchase by plaintiff, and, in its answer, raised the defenses that plaintiff was not a bona fide purchaser for value and that he did not have an insurable interest in the vehicle. At the trial the parties stipulated that there would be no issue as to insurable interest and that the only affirmative defense to be established by defendant was whether plaintiff was a bona fide purchaser for value. Pursuant to the stipulation, the jury was charged, without objection, that the burden of establishing this defense was on defendant. The charge of the trial court, insofar as it was not excepted to, became the "law of the case", binding upon the parties, even if legally erroneous (*Brown* v. *Du Frey,* 1 N Y 2d 190, 195; *Chapman* v. *Thirty-Ninth St. Realty Corp.*, 26 A D 2d 806). The Appellate Term reversed the judgment in favor of plaintiff, holding that the "evidence was insufficient to establish that plaintiff was an innocent purchaser of the stolen automobile." In so holding, the Appellate Term amended its prior decision which stated that plaintiff had "failed to demonstrate by a fair preponderance of the credible evidence that he was an innocent purchaser."

In effect this placed the burden of proof upon plaintiff and not upon defendant. However, the stipulation of the parties and the unexpected charge of the trial court had become the law of the case. The Appellate Term improperly transferred the burden of proof to plaintiff and its order should, accordingly, be reversed and the verdict in favor of plaintiff should be reinstated.